UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARUN KUMAR KATKURI, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-01819-X |
| | § | |
| UNITED STATES CITIZENSHIP | § | |
| AND IMMIGRATION SERVICES, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiffs sued the United States Citizenship and Immigration Services under the Administrative Procedure Act alleging that the government failed to process their applications for visa extensions and work authorization documents in a reasonable timeframe. After the plaintiffs filed this lawsuit, the government finished processing many of the applications at issue. The government has now finished processing each plaintiffs' application and filed a Motion to Dismiss [Doc. 23] the pending claims as moot. For the reasons below, the Court **GRANTS** the motion to dismiss.

### I. Legal Standards

Plaintiffs "constantly bear the burden of proof that jurisdiction does in fact exist."[1] A federal court's Article III jurisdiction is limited to "Cases" and "Controversies."[2] This requires a live case or controversy at every stage of the

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] U.S. Const. art. III, § 1.

litigation.[3]  A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.[4]  An exception to the mootness doctrine applies "only in exceptional situations" where the action is "capable of repetition but evading review."[5]  This exception allows for adjudication of an otherwise moot claim when two circumstances are simultaneously present: (1) the duration of the challenged action is too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.[6]

## II. Analysis

The government argues that the plaintiffs' claims are moot because it finished processing each application at issue, and, therefore, the remaining claims must be dismissed.  The plaintiffs, however, urge the Court to retain the remaining claims under the "capable of repetition but evading review" exception.  The plaintiffs argue that the normal course of litigation is too long to adjudicate each claim before the government effectively moots the issue by processing the application and insist that they will need to apply for visa extensions and employment authorization documents again in the future, thereby subjecting them to the same allegedly unreasonable processing delays.

---

[3] *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013).

[4] *Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

[5] *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016).

[6] *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).

The plaintiffs failed to establish this exception to the mootness doctrine. First, the plaintiffs did not demonstrate that the government's allegedly unreasonable delay in processing applications is too short to be fully litigated before the processing is complete. Litigants have tools at their disposal to obtain expeditious relief, such as moving for preliminary relief or requesting an expedited docket. The plaintiffs did not pursue these options or take any affirmative steps to move the litigation forward. Therefore, it has not been established that the government's allegedly unreasonable processing delays are too short to be fully litigated.

Further, the plaintiffs did not establish a reasonable expectation that they will be subject to the same or similar delay in the future. Although the plaintiffs expressed their need to re-apply for visa extensions and work authorization documents, they did not demonstrate a reasonable expectation that the government's processing times will be the same or similar to those the plaintiffs experienced here.[7] Accordingly, the plaintiffs failed to demonstrate the circumstances necessary to overcome the mootness doctrine. Because the issues in the case are moot, the Court **GRANTS** the motion to dismiss.

---

[7] The plaintiffs argued that they will again face injury "[i]f the Agency's processing times for these applications remain unchanged," but did include any allegations that there is a reasonable expectation that the processing times will in fact remain the same.

### III. Conclusion

For the forgoing reasons, the Court **GRANTS** the motion to dismiss.  The

plaintiffs' remaining claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 31st day of December, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE